■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH SANTARELLI, Appellant.—Appeal from a judgment of the County Court of Broome County, rendered February 17, 1977, upon a verdict convicting defendant of the crime of murder in the second degree. Defendant was convicted of the intentional murder of his brother-in-law and the issues on this appeal concern the defense of insanity interposed at the trial. The facts were not substantially disputed and reveal that the deceased was met by a shotgun blast as he attempted to climb an interior staircase leading to defendant's second floor residence. Wounded in the shoulder, he retreated outside the building where he was struck by four additional shots fired from above by the defendant. Two of these later shots, those which entered his back, were fatal. Apprehended a short time thereafter, defendant volunteered that "He [the deceased] was killing me; it was better that I kill him." The theory of the defense was to the effect that defendant acted as the result of an amphetamine psychosis at the time of the shooting and was legally insane. Several lay witnesses portrayed defendant's conduct before the homicide as being unusual or not his normal behavior, and it was stressed that he possessed a good relationship with his brother-in-law, lacking any reason to cause him harm. The events they described generally meshed with the findings of the two defense medical witnesses. One opined that defendant suffered from an amphetamine psychosis at the time of the crime, while the other diagnosed him as being a flagrantly ill schizophrenic, paranoid type, when the killing occurred. The prosecution, on the other hand, maintained defendant was an explosive personality, given to violent reactions in stressful situations, who may have been intoxicated from the use of amphetamines but was not legally insane. Lay and medical testimony was offered to support this position and establish defendant's sanity beyond a reasonable doubt (Penal Law, §§ 25.00, 30.05; People v Silver, 33 NY2d 475). As noted, the defense was rejected and the defendant stands convicted. Initially, we would observe that the conflicting psychiatric testimony on the issue of defendant's mental condition at the time of the commission of this

crime presented a classic factual issue for resolution by a jury. The expert witnesses on both sides presented exceptional qualifications, and the jury, having been properly instructed on the question to be resolved, found against the defendant. On this record, its finding should not be disturbed (see *People v Horton,* 308 NY 1). Indeed, defendant's primary complaints do not involve the sufficiency of the proof, but deal instead with the manner in which the prosecution sought to rebut his defense. He specifically contends that it was error for the prosecution to ask certain hypothetical questions of defense experts on cross-examination which incorporated particular "bad acts" attributable to him, and that this error was further compounded by permitting direct evidence of such acts. We disagree. Although hypothetical questions are no longer a required device to elicit expert opinion, their use has not been prohibited (see CPL 60.55; CPLR 4515). Thus, the format of the challenged questions poses no difficulty provided the contents of the factual assumptions employed therein were relevant and adequately established. Since those recitals for the most part, connected the defendant with prior assaultive behavior, the focus of our inquiry is whether proof of such acts was independently admissible. It it was, the testimony of the various witnesses who observed those acts was properly received and justified the hypothetical questions that were asked. It not, objections to both the questions and the evidence of past misdeeds should have been sustained. When the prosecution is called upon to prove defendant's sanity, it is the general rule that any and all prior conduct of the accused having a bearing on the subject is admissible, even though it might also tend to show him guilty of other crimes *(People v Schwartzman,* 24 NY2d 241; *People v Samuels,* 302 NY 163; *People v Molineaux,* 168 NY 264; 2 Wigmore, Evidence [3d ed], § 228, p 9; Fisch, New York Evidence [2d ed], § 243, p 150; 1 Wharton, Criminal Evidence [13th ed], § 258, pp 619-620; Richardson, Evidence [10th ed], §§ 170-172, pp 140-142). The illegal character of the former conduct was of small importance and carried little potential for prejudice in this case since the central issue was one of criminal responsibility, not credibility or propensity to commit crime, and the matters divulged supplied a useful function in explaining defendant's state of mind at the time of the homicide. We conclude that the nature of the defense allowed the receipt of such evidence and that the prosecutor elicited it in a proper fashion. Its probative force or weight was solely to assist the jury in evaluating the expert opinions that were offered as the repeated limiting instructions of the trial court made abundantly plain. We have examined defendant's remaining arguments and find them to be without merit. Judgment affirmed. Mahoney, P. J., Kane, Staley, Jr., Larkin and Herlihy, JJ., concur.